## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN ROBERT DRAPER,

    Plaintiff,

-vs-                         CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
DISCOVER BANK,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOHN ROBERT DRAPER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and DISCOVER BANK (hereinafter "Discover") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Suffolk County in the State of New York. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

4

19.    Discover is an FDIC insured national bank headquartered at 502 E. Market Street, Greenwood, Delaware 19950 that upon information and belief conducts business in the State of Georgia.

20.    Discover is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Discover furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.    Plaintiff is alleged to owe a debt to Discover, partial account number ending x4838, as to a credit card (hereinafter "Discover Account"). Plaintiff does not have an account with Discover and never applied or gave permission to anyone to apply using his information for the Discover Account.

23.    In or about Fall of 2021, Plaintiff first became aware of the Discover Account when he received a telephone call from Discover seeking to collect payment. At that time, Plaintiff disputed the Discover Account and stated it was fraudulent and did not belong to him.

24.    In or about October 2023, Plaintiff purchased and financed a new vehicle. As part of the application process, Plaintiff's credit file was reviewed, and Plaintiff was advised of the Discover Account appearing on his credit report with a high balance.

25.     Shortly thereafter, Plaintiff contacted Discover to dispute the erroneous Discover Account.

26.     On or about November 3, 2023, Plaintiff filed a police report with the Suffolk County Police Department regarding the fraudulent Discover Account and identity theft.

27.     On or about February 27, 2024, Plaintiff reviewed his credit report and observed the Discover Account was reported with a status of charge off and balance of $17,656.

28.     Due to the inaccurate reporting, on or about March 8, 2024, Plaintiff mailed detailed written dispute letters to Equifax, Experian, and Trans Union. In the letter, Plaintiff explained he did not open or authorize the Discover Account, he did not owe the outstanding balance, and the Discover Account did not belong to him. In the letter, Plaintiff included an image of his driver's license and voided check as proof of identity. Plaintiff also included images of the erroneous reporting, images of the Suffolk County Police Department police report, correspondence with Discover, and other supporting documents.

29.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 1154 6235 24), Experian (9589 0710 5270 1154 6235 17), and Trans Union (9589 0710 5270 1154 6235 00).

30.     On or about March 12, 2024, Plaintiff received dispute results from Trans Union which stated the Discover Account was deleted.

31.     However, on or about March 27, 2024, Plaintiff received additional dispute results from Trans Union which stated the Discover Account was verified and reinserted into his Trans Union credit report.

32.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

33.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

34.     Upon information and belief, Trans Union notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

35.     On or about March 15, 2024, Equifax responded to Plaintiff's detailed dispute letter by requesting additional proof of identification despite Plaintiff having already provided a copy of his driver's license and voided check.

36.     On or about March 28, 2024, Plaintiff received dispute results from Equifax which stated the Discover Account was verified as accurate and reinserted into his Equifax credit report.

37.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

38.    Equifax never attempted to contact Plaintiff during the alleged investigation.

39.    Upon information and belief, Equifax notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.    Plaintiff did not receive dispute results in the mail from Experian. However, upon review of his updated Experian credit report on or about April 10, 2024, Plaintiff observed the Discover Account continued to be reported with a charged off balance of $17,685 and comment which stated, "This item was updated from our processing of your dispute in March 2024".

41.    Further, Plaintiff observed that Experian was reporting a Social Security Number which did not belong to Plaintiff.

42.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

43.    Experian never attempted to contact Plaintiff during the alleged investigation.

8

44.    Upon information and belief, Experian notified Discover of Plaintiff's dispute. However, Discover failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.    Despite Plaintiff's best efforts to have the erroneous account removed, Defendants continued to report the fraudulent and unauthorized Discover Account to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

46.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnishers.

47.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

48.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the error;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.    Reduction in credit score;

v.    Loss of the ability to benefit from lower interest rates;

vi.    Apprehensiveness to apply for credit due to the fear of rejection; and

vii.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Negligent)**

49.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

50.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51.    Equifax allowed for a Furnisher to report inaccurate information on an account.

10

52.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

53.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Suffolk County Police Department, which contained sworn testimony of the fraud.

54.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services LLC (Willful)

57.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

58.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.     Equifax allowed for a Furnisher to report inaccurate information on an account.

60.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

61.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Suffolk County Police Department, which contained sworn testimony of the fraud.

62.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

63.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Negligent)

65.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

66.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

13

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

67.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Willful)**

71.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

77.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

78.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

16

79.     Experian allowed for a Furnisher to report inaccurate information on an account.

80.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

81.     Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Suffolk County Police Department, which contained sworn testimony of the fraud.

82.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Willful)

85.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

86.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.    Experian allowed for a Furnisher to report inaccurate information on an account.

88.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

89.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Suffolk County Police Department, which contained sworn testimony of the fraud.

18

90.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

91.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

93.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

94.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

95.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

96.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

99.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

100.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

101.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

102.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

103.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Trans Union LLC (Negligent)

105.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

106.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

107.    Trans Union allowed for a Furnisher to report inaccurate information on an account.

108.    Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

109.    Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Suffolk County Police Department, which contained sworn testimony of the fraud.

110.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Trans Union LLC (Willful)

113.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

114.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Trans Union allowed a Furnisher to report inaccurate information on an account.

24

116.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

117.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Suffolk County Police Department, which contained sworn testimony of the fraud.

118.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Trans Union LLC (Negligent)**

121.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

122.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

123.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

124.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Willful)

127.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

128.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

129.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

130.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

131.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Discover Bank (Negligent)

133.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

134.   Discover furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

135.   After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

136.   Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent.

137.   Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account and balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Discover by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account and balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

138.    Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

139.    As a direct result of this conduct, action and/or inaction of Discover, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

140.    The conduct, action, and inaction of Discover was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

141.    Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual damages against Defendant, DISCOVER BANK, jointly

and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Discover Bank (Willful)

142.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

143.   Discover furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

144.   After receiving Plaintiff's disputes, Discover violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

145.   Plaintiff provided all the relevant information and documents necessary for Discover to have identified that the account was fraudulent.

146.   Discover did not have any reasonable basis to believe that Plaintiff was responsible for the account and balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible

party, including information provided to Discover by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account and balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

147.   Discover violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

148.   As a direct result of this conduct, action and/or inaction of Discover, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

149.   The conduct, action, and inaction of Discover was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

150.   Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DISCOVER BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOHN ROBERT DRAPER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and DISCOVER BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of April 2024.

Respectfully Submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963

Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*